UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIM HOLMES, | Civil Action No. 20-1585 |
| Plaintiff, | **OPINION** |
| v. | |
| LEIDOS HOLDINGS, INC., d/b/a "LEIDOS," d/b/a and/or f/k/a "LEIDOS INNOVATION CORPORATION" d/b/a "LEIDOS INNOVATION CORPORATION AND SUBSIDIARIES," | |
| Defendants. | |

**APPEARANCES:**

NATHANIEL K. CHARNY
CHARNY & WHEELER, P.C.
9 W. MARKET STREET
RHINEBECK, NY 12572

MEGAN S. GODDARD (pro hac vice)
GODDARD LAW PLLC
39 BROADWAY, SUITE 1540
NEW YORK, NY 10006

    *Counsel for Plaintiff*

K. CLARK WHITNEY
JESSICA M. BOCCHINFUSO
OGLETREE DEAKINS NASH SMOAK & STEWART PC
1735 MARKET STREET
SUITE 3000
PHILADELPHIA, PA 19103

    *Counsel for Defendant*

**HILLMAN, District Judge**

This matter is before the Court on the motion of Defendant

Leidos, Inc. ("Leidos") improperly pleaded as "Leidos Holdings, Inc., d/b/a 'Leidos,' d/b/a and/or f/k/a 'Leidos Innovation Corporation' d/b/a 'Leidos Innovation Corporation and Subsidiaries'," to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).  (ECF No. 9). Plaintiff, Kim Holmes, has not filed an Opposition to Leidos' Motion.  For the following reasons, the motion is DENIED. However, in lieu of dismissal, this case will be transferred to the United States District Court for the Eastern District of Tennessee for further proceedings.

## BACKGROUND

On February 13, 2020, Plaintiff filed a complaint against Leidos, a former employer, asserting employment discrimination claims under Title VII and the New Jersey Law Against Discrimination ("LAD").  (ECF No. 1 "Compl."). The Complaint alleges that Leidos (1) discriminated against Plaintiff on the basis of her gender; (2) subjected Plaintiff to a hostile work environment; and (3) unlawfully retaliated against Plaintiff by, among other things, wrongfully terminating her for opposing Leidos' unlawful discrimination.  (Compl. at 1-2).

Leidos is an information technology, engineering, and science solutions and services leader that maintains its corporate headquarters in Reston, Virginia.  (Id. ¶11). Leidos hired Plaintiff via email on September 18, 2017. (Id.

2

¶22).  Leidos informed Plaintiff that her work assignment would be located in Kabul, Afghanistan and that she would first train for her position in Ft. Bliss, Texas.  (Id.).  Following her training, Leidos informed Plaintiff that her work assignment would now be Mazar-e-Sharif, Afghanistan and she would be reporting to Site Manager Jaime Hatcher ("Hatcher").  (Id.).

Plaintiff alleges that during her time in Afghanistan she was sexually harassed by Hatcher.  (Id. ¶¶27-36).  Plaintiff further alleges in Afghanistan she helped a co-worker draft a sexual harassment complaint.  (Id. ¶¶37-43).  Plaintiff argues she was ultimately terminated because she "had refused to engage in a sexual relationship with [Hatcher] and because she helped her co-worker report sexual harassment."  (Id. ¶46).

## DISCUSSION

Leidos seeks dismissal for improper venue pursuant to Rule 12(b)(3).  (ECF 9).  Leidos contends that venue in New Jersey is improper under 42 U.S.C. § 2000e-5(f)(3).  This Court agrees.

"Title VII contains its own venue provision." Sandler v. Donley, No. 09-06257, 2011 WL 2293327, at *2 (D.N.J. June 8, 2011) (citing 42 U.S.C. § 2000e-5(f)(3)).  "Title VII's venue provision is 'mandatory and well-settled, thereby rendering other general venue statutes inapplicable.'" Id. (quoting Vincent v. Woods Servs., No. 08-01007, 2008 WL 939190, at *1 (D.N.J. Apr. 4, 2008)).  Title VII actions should be venued: (1)

3

"in any judicial district in the State in which the unlawful employment practice is alleged to have been committed[;]" (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered[;]" or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice[.]"  42 U.S.C. § 2000e-5(f)(3).  The venue statute contains a backstop provision: "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has [its] principal office."  Id.

    Under 42 U.S.C. § 2000e-5(f)(3)'s first venue option, this Court finds that Plaintiff has not established that the alleged unlawful employment practices occurred in New Jersey.  Although Plaintiff alleges the decision to terminate Plaintiff was made in New Jersey, Leidos has presented a sworn declaration stating otherwise.  In his sworn declaration, Kurt Williams explained that while stationed in Afghanistan he was tasked with reducing staff on the Afghanistan Contractor Logistics Sustainment program and selected Plaintiff.  (ECF No. 9-2 ¶7).  Since Plaintiff has failed to refute the sworn statement set forth in the declaration, this Court cannot conclude that Plaintiff sustained an unlawful employment practice in New Jersey, as the complaint alleges.  See Bockman v. First Am. Mktg. Corp., 459

4

F.App'x 157, 158 n.1 (3d Cir. 2012) (holding on a motion to dismiss pursuant to Rule 12(b)(3), courts will accept only the "well pled" allegations in the complaint, "unless contradicted by the defendants' affidavits").  In addition, Plaintiff's own pleading identifies instances wherein Plaintiff was allegedly subjected to sexual harassment and retaliation.  These alleged instances all occurred in Afghanistan.  (See generally Compl.).  Accordingly, "[b]ecause there is no evidence that the wrongful employment practice was committed in New Jersey, plaintiff cannot establish venue in New Jersey under the first Title VII venue option." de Rojas v. Trans States Airlines, Inc., 204 F.R.D. 265, 268 (D.N.J. 2001).

Under 42 U.S.C. § 2000e-5(f)(3)'s second venue option, this Court finds that the employment records relevant to Plaintiff's claims are administered and maintained in Tennessee and Afghanistan.  In her sworn declaration, Celia Horton explained (1) "Leidos maintains all of its employees' personnel files at its facility located at 301 Laboratory Road, Oak Ridge, Tennessee 37830 ('Oak Ridge Facility')[;]" (2) "[d]uring her employment, the personnel file of [Plaintiff] was stored and maintained at Leidos' Oak Ridge facility [;]" (3) Plaintiff's "personnel file remains at the Oak Ridge facility to this day[;]" and (4) she is "not aware of any of [Plaintiff's] employment records being stored in New Jersey[.]"  (ECF 9-3 ¶¶2-

3, 5). In his sworn declaration, Kurt Williams stated: (1) he is "not aware of any of [Plaintiff's] employment records being stored in New Jersey[;]" and (2) he "kept a desk file containing certain employment records relating to [Plaintiff]" and the "desk file was kept, and remains, in Kabul, Afghanistan[.]" (ECF No. 9-2 ¶¶5-6). Since Plaintiff has failed to refute these sworn statements, this Court finds that the Eastern District of Tennessee and not New Jersey is the proper venue under the second Title VII venue option.

Under 42 U.S.C. § 2000e-5(f)(3)'s third venue option, this Court finds that Plaintiff "would have worked in [Afghanistan] but for the alleged unlawful employment practice[.]" 42 U.S.C. § 2000e-5(f)(3). In his sworn declaration, Kurt Williams explained "had [Plaintiff's] position not been selected for elimination, her employment would have continued in Afghanistan." (ECF No. 9-2 ¶9). Since Plaintiff has failed to refute this sworn statement, this Court finds that Plaintiff would have continued working in Afghanistan but for her layoff.[1]

---

[1] Since this Court finds that the Eastern District of Tennessee satisfies 42 U.S.C. § 2000e-5(f)(3)'s second venue option, this Court does not address the fourth venue option. Binks v. US Tech Sols., No. 20-02969, 2020 WL 6701470, at *3 n.5 (D.N.J. Nov. 12, 2020) (quoting Johnson v. Deloitte Servs., LLP, 939 F.Supp.2d 1, 5 (D.D.C. 2013) ("The statute only authorizes suit in the district where the respondent has its principal office if respondent is not found within any of the districts where venue is proper under the other three prongs.")).

As explained by the Third Circuit, "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper [whereas] Section 1406 ... applies where the original venue is improper and provides for either transfer or dismissal of the case." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).  Section 1406(a)'s "transfer provision is designed to preserve claims that rigid application of dismissal rules may bar." Lafferty v. St. Riel, 495 F.3d 72, 79 (3d Cir. 2007) (citation omitted).  "Transfer is generally more in the interest of justice than dismissal." Binks, 2020 WL 6701470, at *3; see also Bockman, 459 F.App'x at 162 n.11 (holding that "[t]ransfer in lieu of dismissal is generally appropriate to avoid penalizing plaintiffs by time-consuming and justice-defeating technicalities").  "A [c]ourt transferring venue under [Section 1406] must simply determine a venue in which the action originally could have been brought that serves the interest of justice." de Rojas, 204 F.R.D. at 269.

Having decided that venue is improper in this District, this Court must determine whether Plaintiff's case will be dismissed or transferred.  If this case were dismissed, Plaintiff might face a statute of limitations problem.  Therefore, this Court finds that although dismissal would be appropriate, transfer of this case is in the interest of

7

justice.  Section 1406 states that if a transfer is made, it should be made "to any district or division in which [the case] could have been brought."  28 U.S.C.S. § 1406.  The Complaint could have been filed in the Eastern District of Tennessee because Plaintiff's employment records were kept in Oak Ridge, Tennessee.  In the interest of justice, this Court will transfer this action to the Eastern District of Tennessee.

## CONCLUSION

For the above reasons, the Court will deny Leidos' Motion to Dismiss to the extent it seeks dismissal of this matter and transfer the case to the United States District Court for the Eastern District of Tennessee.  An appropriate Order will be entered.

Date: December 4, 2020       s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.